**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fernando Lopez LANDIVAR,**
**Defendant–Appellant.**

No. 99–50076.

D.C. No. CR–91–00547–JSL–1.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2000.*

Submission Deferred Nov. 16, 2001.

Resubmitted May 12, 2003.

Decided May 12, 2003.

R.App. P. 34(a)(2).

Before D.W. NELSON, BRUNETTI, and KOZINSKI, Circuit Judges.

### MEMORANDUM **

Landivar did not raise his *Apprendi* objection at the time of sentencing. Therefore, he "must establish an error, that was plain, and that affected his substantial rights." *United States v. Buckland,* 289 F.3d 558, 563 (9th Cir.2002) (en banc). Here, it is clear there was error, as the jury was not required to determine drug quantity. In fact, the jury was specifically instructed that the government "need only prove beyond a reasonable doubt that there was a measurable amount of cocaine," which would have exposed Landivar to a sentence of less than 20 years under 21 U.S.C. § 841(b)(1)(C). However, the district court determined at sentencing that three kilograms were attributable to

Landivar, increasing his statutory exposure beyond twenty years.

Despite this error, Landivar cannot satisfy the third prong of the "plain error" inquiry: that the error affected his "substantial rights." *Id.* Landivar admitted at trial that he was responsible for transactions totaling three kilograms of cocaine. This admission meant that, to find Landivar guilty, the jury must have found him guilty of distributing at least three kilograms of cocaine. This amount subjects Landivar to a maximum term of 40 years. *See* 21 U.S.C. § 841(b)(1)(B). Because Landivar's sentence of 292 months was within the statutory maximum of 40 years, and Landivar cannot now dispute the three kilogram amount, we conclude that the *Apprendi* error did not affect his substantial rights and thus was not plain error. *Buckland,* 289 F.3d at 569–70.

Furthermore, we lack jurisdiction to consider Landivar's appeal from the district court's refusal to grant a downward departure. The district court properly recognized its authority to depart from the sentencing guidelines, but declined to exercise that departure power. *See United States v. Berger,* 103 F.3d 67, 69 (9th Cir. 1996).[1]

**AFFIRMED IN PART, DISMISSED IN PART.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Other issues raised by Landivar in this appeal were resolved in a prior Memorandum disposition.